IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
VICTOR RODELLA, C61577,            )   2: 08-CV-2291 SOM
                                   )
            Plaintiff,             )
                                   )   ORDER DISMISSING AMENDED
      vs.                          )   COMPLAINT AND DENYING MOTIONS
                                   )   FOR TEMPORARY RESTRAINING ORDER
CORRECTIONAL OFFICER TERRY         )   AS MOOT
JACKSON; CORRECTION OFFICER        )
GARY HIBBITS, et al.               )
                                   )
            Defendants.            )
_____ )
```

ORDER DISMISSING AMENDED COMPLAINT AND
<u>DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AS MOOT</u>

I.      <u>INTRODUCTION.</u>

Plaintiff Victor Rodella is a prisoner proceeding <u>pro se</u>. On September 29, 2008, Rodella filed a Complaint under 42 U.S.C. § 1983, alleging that he had been physically and sexually assaulted by correctional officers Terry Jackson and Gary Hibbits.  Other Defendants named in the Complaint were correctional officers J. Flores and Sergeant Marsh, as well as the High Desert State Administration Segregation Unit.  Rodella admits that, as of the time he filed the Complaint, he had not completed the prison grievance procedure for his claims.  <u>See</u> Complaint (Sept. 29, 2008).

On October 17, 2008, Rodella filed a motion for temporary restraining order.  This motion sought to enjoin further harassing conduct by Jackson and Hibbits.  It stated that Rodella "will also Exhaust [his] administrative remedies through

internal affairs."  This case was not assigned to this judge at the time this motion was filed.

On December 29, 2008, Rodella filed another Complaint, which this court construes as an Amended Complaint, that names Jackson, Hibbits, Flores, Marsh, Scott Rowaly, Rudy Celis, Eric Calison, Cathy Palasses as Defendants.  This Amended Complaint, also brought under 42 U.S.C. § 1983, sought relief from the alleged harassment Rodella suffered as an inmate.  <u>See</u> Amended Complaint (Dec. 29, 2008).

On January 5, 2009, this matter was reassigned to this judge.

On January 14, 2009, Rodella filed a second motion for temporary restraining order.  This motion seeks to enjoin Jackson and Hibbits from allegedly harassing Rodella.  Rodella contends that he was physically and sexually assaulted and forced to wear a pink jump suit, while other inmates in his unit wore white jump suits.

Because Rodella failed to exhaust his administrative remedies before filing his original Complaint, the court dismisses this matter and denies as moot his motions for temporary restraining orders.  This dismissal is without prejudice, which means that Rodella may file another lawsuit arising out of the same facts, assuming, of course, that he first

2

properly exhausts his administrative remedies.  This dismissal counts as one strike under 28 U.S.C. § 1915(g).

II.        ANALYSIS.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Although this court at one time had discretion to permit a case to proceed without exhaustion, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory.  Woodford v. Ngo, 548 U.S. 81, 85 (2006).

Exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter v. Nussle, 534 U.S. 516, 532 (2002); see also McKinney v. Carey, 311 F.3d 1198, 1199-00 (9th Cir. 2002) (per curiam).  All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  McKinney, 311 F.3d at 1199 (citation omitted).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages,

exhaustion is still a prerequisite to bringing suit.  Id.; accord Booth v. Churner, 532 U.S. 731, 741 (2001).

A prisoner's failure to exhaust is generally considered an affirmative defense that defendants have the burden of both raising and proving.  Jones v. Bock, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Brown v. Valoff, 422 F.3d 926 (9th Cir. 2004) (§ 1997e(a) is an affirmative defense); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) ("§ 1997e(a) creates a defense-defendants have the burden of raising and proving the absence of exhaustion.").

However, when the failure to exhaust is clear from the complaint itself, a court is authorized to dismiss it sua sponte.  This authorization may be derived from several sources, including, for cases such as the present one in which the plaintiff has requested in forma pauperis status, the in forma pauperis statute.  See Bock, 549 U.S. at 214 (recognizing failure to state a claim "as grounds for sua sponte dismissal of in forma pauperis cases); 28 U.S.C. § 1915(e)(2)(B)(ii) ("the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted").  This court has also been charged with screening civil complaints brought by prisoners that seek

4

redress from a governmental entity or its employee and may <u>sua sponte</u> dismiss such complaints for failure to state a claim upon which relief may be granted.  See <u>Bock</u>, 549 U.S. at 214 (recognizing the court's power to <u>sua sponte</u> dismiss a civil claim brought by a prisoner during the screening process); 28 U.S.C. § 1915A(b)(1) ("the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint-- (1) . . . fails to state a claim upon which relief may be granted"); 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted . . . .").

       In <u>Bock</u>, 549 U.S. at 215, the Supreme Court recognized that a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."  The Supreme Court noted that, if the allegations, taken as true, show that the complaint is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim, even though a statute of limitations is an affirmative defense.  <u>Id.</u>  Analogously, when, as here, a prisoner plaintiff pleads in his or her

5

complaint that he or she has not exhausted his or her administrative remedies, the complaint, taken as true, demonstrates that the plaintiff is not entitled to relief. Accordingly, the complaint is subject to sua sponte dismissal for failure to state a claim upon which relief can be granted.

Rodella's initial Complaint indicated that he had not completed the grievance process before filing the Complaint. See Complaint ¶ II(C). Accordingly, this court is required to dismiss his claims without prejudice. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1059 (9th Cir. 2007); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). Although his Amended Complaint indicates that he subsequently completed the grievance process, Rodella was required to complete the grievance process before resorting to federal court litigation. See Lira, 427 F.3d at 1171 ("a district court must dismiss a case without prejudice when there is no presuit exhaustion, even if there is exhaustion while suit is pending") (quotations omitted); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the

6

time of filing, dismissal is mandatory."); Jackson v. Gerl, 2008 WL 4280398, *2 (W.D. Wis., Apr. 30, 2008) ("It is settled law in this circuit that a prisoner cannot cure a failure to exhaust his administrative remedies before bringing suit by filing an amended complaint after he has exhausted his administrative remedies.").

The Ninth Circuit has recognized that a prisoner's completion of the administrative remedy process before filing suit serves to reduce the quantity and improve the quality of prisoner suits by allowing corrections officials time and an opportunity to address complaints internally before allowing the initiation of a federal suit. The Ninth Circuit has noted that "permitting exhaustion pendente lite will inevitably undermine attainment of [these goals]." See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). Accordingly, the court dismisses Rodella's Amended Complaint without prejudice and denies as moot his motions for temporary restraining order.

III.    CONCLUSION.

Because it is clear from the allegations of Rodella's initial Complaint that he did not exhaust his administrative remedies before resorting to federal court litigation, the court dismisses his Amended Complaint, as the PLRA requires exhaustion before initiating federal court litigation and does not allow a prisoner to cure that deficiency during the pendency of the litigation. Rodella's failure to state a claim shall be

considered a "strike" for purposes of 28 U.S.C. § 1915(g).  This dismissal is without prejudice, meaning that Rodella may immediately file another complaint if he has sufficiently exhausted his administrative remedies.  Indeed, if his allegations are true, the court encourages him to pursue his remedies.  The court does not, however, in so stating intend to suggest any ruling as to whether his allegations are true.

The court denies as moot Rodella's motions for temporary restraining orders (Docket Numbers 7 and 17), given the dismissal of the underlying Amended Complaint.

The Clerk of Court is directed to terminate this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 20, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Rodella v. Jackson, et al., 2: 08-CV-2291 SOM; ORDER DISMISSING AMENDED COMPLAINT AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AS MOOT