```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF HAWAII

VICTOR RODELA,                    )     2:08-CV-2291 SOM
                                  )
          Plaintiff,              )
                                  )
     vs.                          )     ORDER DENYING PLAINTIFF'S
                                  )     MOTION FOR APPOINTMENT OF
TERRY JACKSON, GARY HIBBITS,      )     COUNSEL WITHOUT PREJUDICE
ET AL.,                           )
                                  )
          Defendants.             )
_____    )
```

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE

Victor Rodela is a pro se prisoner proceeding in forma pauperis. In 2008, Rodela filed a complaint seeking relief pursuant to 42 U.S.C. § 1983. On January 21, 2009, this court entered judgment and terminated Rodela's case. On December 21, 2009, Rodela filed notice of appeal, and a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). The court denies Rodela's motion for appointment of counsel.

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

involved in the appeal."). That rule, however, does not extend to deficient notices of appeal. To the contrary, "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." Ruby v. Sec'y of U.S. Navy, 365 F.2d 386, 389 (9th Cir. 1966); see also Rucker v. Dep't of Labor, 798 F.2d 891, 892 (6th Cir. 1986) ("As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court."); 20 James Wm. Moore et al., Moore's Federal Practice § 303.32[2][b][iv][A] (3d ed. 2007) ("A notice of appeal that is deficient because it is untimely or because it lacks the essential recitals does not transfer jurisdiction to the circuit court."). The Supreme Court has stated that, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

This court entered judgment on January 21, 2009. Rodela had thirty days after judgment in which to file a notice of appeal. Fed. R. App. P. 4(a)(1). Rodela did not file any motion that changed the deadline from which the time to file an

2

appeal would run.  See Fed. R. Civ. P. 4(a)(4)(A) (time to file an appeal runs from the entry of an order disposing of certain motions).  On December 21, 2009, Rodela filed his notice of appeal.  Rodela's notice of appeal is thus untimely.  Because the appeal is untimely, this court entertains jurisdiction over Rodela's motion for appointment of counsel.

To the extent Rodela seeks appointment of counsel from this court, his motion is denied.  There is no constitutional right to appointed counsel in a § 1983 case.  Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  A court may request counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1) only under "exceptional circumstances," taking into account the "likelihood of success on the merits" and the "ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citations and quotations omitted).  Rodela has not shown exceptional circumstances here.  Rodela has not demonstrated any likelihood of success.  With regard to the complexity of his case, Rodela only argues that his imprisonment limits his ability to litigate the issues, and that he has limited access to documents that are relevant to his case.  However, pro se litigants are rarely in a position to research and investigate facts easily.  This alone does not make a case complex.  Wilborn

v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

The court therefore denies Rodela's motion for appointment of counsel without prejudice, as he has not shown exceptional circumstances.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii January 13, 2010



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Rodela v. Jackson, et al., 08cv2291 SOM-02; ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE.